UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Nasser Alomari,

    Plaintiff,

v.                                                                              Case No.: 11-12300
                                                                                   Honorable Sean F. Cox

Overseas Ship Holding Group, Inc,
OSG Ship Management, Inc., and
OSG Bulk Ships, Inc.,

    Defendants.
_____/

<u>OPINION & ORDER</u>

    Plaintiff Nasser Alomari ("Nasser" or "Plaintiff") filed this personal injury action against his former employer, OSG Ship Management, Inc. ("Management"), and related defendants, Overseas Shipholding Group, Inc. ("Shipholding"), and OSG Bulk Ships, Inc. ("Bulk") (together, "Defendants"). Plaintiff alleges negligence and unseaworthiness under general maritime law and under the Jones Act, as well as breach of implied warranty of seaworthiness, and maintenance and cure. The matter is currently before the Court on Defendants' motion to dismiss for lack of personal jurisdiction, improper venue, and insufficient service of process, or in the alternative, for summary judgment.[1] The parties have briefed the issues and the Court heard oral argument on November 3, 2011. For the reasons set forth below, the Court shall

---

[1] Defendants improperly label their motion a "Motion for Summary Judgment." Defendants, however, assert that Plaintiff's complaint should be dismissed for lack of personal jurisdiction, pursuant to FED. R. CIV. P. 12(b)(2), improper venue, pursuant to FED. R. CIV. P. 12(b)(3), improper service of process, pursuant to FED. R. CIV. P. 12(b)(5), or in the alternative, for summary judgment, pursuant to FED. R. CIV. P. 56(c).

GRANT Defendants' motion to dismiss for lack of personal jurisdiction. Accordingly, the Court finds that Defendants' other motions are moot.

## BACKGROUND

Plaintiff is a citizen of the City of Dearborn, Michigan. Overseas Shipholding Group, Inc. ("Shipholding") is a Delaware corporation. Shipholding does not own the vessel at issue, and did not employ Plaintiff at the time of his injury. OSG Bulk Ships, Inc. ("Bulk") is a New York corporation. Like Shipholding, Bulk neither owns the vessel, nor employed Plaintiff at the time of his injury. OSG Ship Management, Inc. ("Management") is also a Delaware corporation, and has its principle office in Florida. Management employed Plaintiff at the time of his injury, but does not own the vessel on which Plaintiff was injured.

The only facts of Plaintiff's underlying injury that are presently before the Court are those submitted by Plaintiff in his complaint and response brief to Defendants' motion. The facts are as follows:

On or about July 15, 2010, Plaintiff was employed as a Steward Assistant with Management, aboard the M/V Overseas Los Angeles, which is chartered by Overseas Los Angeles, LLC. (Def's Br., Doc. No. 7, Ex. D). That day, Plaintiff was carrying a 70 or 80 lb bucket of food waste from the galley to the storage room so that it could be disposed of before the ship reached California. As Plaintiff climbed down a steep ladder that led to the storage room, he felt a sharp pain in his lower back. Upon arriving in California, Plaintiff visited a medical clinic and was told that he was "fit for duty," but doctors recommended "no heavy lifting."

Plaintiff returned to work and aggravated his injury a few days later. On July 21, 2010,

2

Plaintiff was diagnosed with lumbo sacral disc disease and was told that he was "not fit for duty."

On May 25, 2011, Plaintiff filed his complaint. (Doc. No. 1). On June 20, 2011, Defendants' filed their motion to dismiss, or in the alternative, for summary judgment.

## LEGAL STANDARD

When bringing an action in federal court, the plaintiff bears the burden of establishing that jurisdiction exists. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178 (1936)). Where, as here, a district court "relies solely on written submissions and affidavits to resolve a Rule 12(b)(2) motion, rather than resolving the motion after either an evidentiary hearing or limited discovery, the burden on the plaintiff is 'relatively slight,' *Am. Greetings Corp. v. Cohn*, 839 F.2d. 1164, 1169 (6th Cir. 1988), and 'the plaintiff must make only a *prima facie* showing that personal jurisdiction exists to survive dismissal.'" *Air Products and Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007). "In that instance, the pleadings and affidavits submitted must be viewed in a light most favorable to the plaintiff, and the district court should not weigh 'the controverting assertions of the party seeking dismissal." *Id*.

Defendants also bring their motion pursuant to FED. R. CIV. P. 56 (c). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 (c). The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions,

answers to interrogatories, and admission on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting FED. R. CIV. P. 56(e)). In deciding a motion for summary judgment, a court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

ANALYSIS

In his complaint, Plaintiff alleges the following claims: (1) negligence and unseaworthiness under general maritime law and under the Jones Act; (2) breach of implied warranty of seaworthiness; and (3) failure to provide maintenance and cure benefits under the Jones Act.

Defendants assert a number of grounds for dismissal in their motion. First, Defendants contend that this Court lacks personal jurisdiction because Defendants lack sufficient minimum contacts to the State of Michigan and therefore do not fall within the scope of Michigan's long-arm statute. Second, Defendants contend that venue is improper, or should be transferred to a more convenient forum. Third, Defendants assert that Plaintiff's complaint should be dismissed for improper service of process because Plaintiff did not personally serve Defendants. Finally, Defendants contend that Plaintiff's complaint should be dismissed because Defendants either were not Plaintiff's employer at the time of his injury, or did not own the vessel on which Plaintiff was injured – characteristics which Defendants believe are fatal to Plaintiff's claim under the Jones Act.

4

I.      This Court Does Not Have Personal Jurisdiction Over Defendants.

As stated above, Defendants contend that this Court does not have personal jurisdiction over Defendants.

Personal jurisdiction exists over a nonresident defendant provided there are sufficient minimum contacts between the defendant in the forum state and that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Depending on the type of minimum contacts in a case, personal jurisdiction can be specific or general." *Air Products*, 503 F.3d at 550. Specific (or limited) personal jurisdiction arises from a defendant's activities in the state or if those activities had an in-state effect. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002). General personal jurisdiction requires the defendant to have carried on "a continuous and systematic part of its general business" in Michigan. *Neogen*, 282 F.3d at 889.

Here, Plaintiff does not allege any facts that would support general personal jurisdiction over Defendants. Thus, the Court must look to whether specific (or limited) personal jurisdiction applies and whether Defendants have sufficient minimum contacts in Michigan.

In determining whether a district court has personal jurisdiction over a moving defendant the court must: 1) determine whether any of Michigan's relevant long-arm statutes authorize the exercise of jurisdiction over the defendant; and, if so, 2) determine whether the exercise of that jurisdiction comports with constitutional due process.

    A.      Michigan's Long-Arm Statutes Do Not Authorize Jurisdiction Over Defendants.

Plaintiff asserts that this Court has specific or limited jurisdiction over Defendants based

5

on the Michigan long-arm statute. Specifically, Plaintiff contends that Defendants' tortious conduct has had an in-state effect and also that Defendants publicize their companies as global companies, thus purposefully availing themselves to residents of Michigan.[2] The Court does not agree. Michigan's long-arm statute, MCL § 600.705, provides, in pertinent part:

> The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
>
> (1) The transaction of any business within the state.
> (2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort.

M.C.L. § 600.705. Plaintiff does not allege that Defendants have transacted any business within the state. Therefore, the Court must look to subsection (2) of § 600.705.

The Michigan Supreme Court has construed Michigan's long-arm statute to bestow the broadest possible grant of personal jurisdiction consistent with due process. *Sifers v. Horen*, 385 Mich. 195, 199-200 (1971). "[W]here a state's long-arm statute extends to the constitutional limits of the Due Process Clause, the two inquiries are merged; courts must only determine whether assertion of personal jurisdiction over the defendant violates the Due Process Clause." *Walker Motorsport, Inc. v. Henry Motorsport, Inc.*, 110 F.3d 66 at * 2 (Table) (6th Cir.1996).

  B. <u>The Exercise of Jurisdiction Over Defendants Does Not Comport With Due Process.</u>

The Due Process Clause assures that defendants do not get hailed into court in a forum where they have no meaningful "contacts, ties, or relations." *International Shoe*, 326 U.S. at 316.

---

[2]Plaintiff does not indicate which of the three defendant companies he is referring to.

The Sixth Circuit has established a three-part test (the *Mohasco* test) for determining whether the exercise of jurisdiction comports with due process:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Theunissen*, 935 F.2d at 1460 (quoting *LAK, Inc. v. Deer Creek Enterprises,* 885 F.2d 1293, 1299 (6th Cir. 1989)).  Courts do not apply these criteria mechanically "because the inquiry into whether jurisdiction exists turns on the facts of the individual case at hand."  *Chrysler Corp. v. Uptown Motorcars-Hartford, Inc.*, 173 F.3d 854, 1999 WL 196558 (6th Cir. 1999).

          1.     Purposeful Availment Requirement:

The purposeful availment requirement, or the requirement that the defendant cause a consequence in the forum state, "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts."  *Burger King Corp. v. Rudzewski,* 471 U.S. 462, 473 (1985) (quoting *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774 (1984)).  "'So long as a commercial actor's efforts are 'purposely directed' toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there.'"  *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1264 (6th Cir. 1996) (quoting *Burger King Corp.*, 471 at 476).  Physical presence in the forum, however, is not required.  *Id.*

In this instance, Plaintiff fails to allege any specific acts by Defendants that were directed toward the residents of Michigan.[3] Defendants maintain that they have no offices in Michigan, do not advertise in Michigan, do not conduct any business in Michigan, and do not have any facilities in Michigan. (*See* Def. Br., Ex. A-D). Furthermore, it appears that Plaintiff's only basis for believing that Defendants have caused consequences to occur in Michigan is that Plaintiff has received medical treatment in Michigan as a result of his injuries. These type of consequences, however, are insufficient to comport with due process. The Sixth Circuit has stated:

> Where, as in the case before us, the action arises from conduct of the
> non-resident that physically injures the plaintiff outside the forum,
> the typical claim has been that the non-resident defendant has caused

---

[3]In his brief, Plaintiff does not allege that Defendants' recruitment of a Michigan resident for employment constitutes purposeful availment. Plaintiff's counsel raised this issue, however, during the November 2, 2011 hearing on this motion. Federal court's have dismissed such contact with the forum state as sufficient to establish purposeful availment. In *Estigoy v. OSG Car Carriers, Inc.*, 33 Fed.Appx. 844 (9th Cir. 2002), the Defendant OSG, which otherwise had no contact with Hawaii, recruited Plaintiff Estigoy, a resident of Hawaii, for employment with OSG. During the course of his employment, Estigoy suffered an injury outside of Hawaii and filed an action against OSG. In analyzing OSG's motion to dismiss for lack of personal jurisdiction, the Ninth Circuit stated:

> It is, of course, true that OSG could in some sense foresee that a Hawaiian seaman who responded to a SIU posting might be later injured on an OSG vessel. The Supreme Court, however, has rejected this kind of foreseeability as a " 'sufficient benchmark' for exercising personal jurisdiction." *Burger King*, 471 U.S. at 474 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). Instead, the critical foreseeability for jurisdiction purposes arises from "defendant's conduct and connection with the forum State." *World-Wide Volkswagen*, 444 U.S. at 297. Here, OSG's supposed Hawaiian contacts arose by virtue of SIU's decision to locate its recruiting hall there- i.e., the unilateral activity of another party. We reject Estigoy's arguments to the contrary.

*Estigoy*, 33 Fed.Appx. at 846.

8

> consequences in the forum in the form of the injury itself and related medical treatment and expenses. The Michigan courts and the federal district courts have uniformly rejected this argument.

*Theunissen v. Matthews*, 935 F.2d 1454, 1460 (6th Cir. 1991); *see also Clavenna v. Holsey*, 81 Mich.App. 472 (1978); *Amburn v. Harold Forster Industries, Ltd.*, 423 F.Supp. 1302 (E.D.Mich. 1976).

Plaintiff does not allege, let alone provide evidence of, any conduct by Defendants that would link them to the residents of Michigan, either directly, or indirectly through the consequence of their actions. Accordingly, Plaintiff has failed to meet his burden of establishing that Defendants have purposefully availed themselves in Michigan or that Defendants' actions have caused sufficient consequences in Michigan.

        2.        <u>Actions Arising Out Of Requirement:</u>

Although it is not necessary to continue with the due process analysis since Plaintiff has failed to establish the purposeful availment prong of the three-part test, the Court finds that Plaintiff has also failed to establish the second prong of the test – that Plaintiff's cause of action arose out of Defendant's contacts with the forum state.

The Sixth Circuit has "articulated the standard for this prong in a number of different ways, such as whether the causes of action were 'made possible by' or 'lie in the wake of,' the defendant's contacts. . . or whether the causes of action are 'related to' or 'connected with' the defendant's contacts with the forum state." *Air Prods. and Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 553 (6th Cir. 2007) (internal citations omitted); s*ee also Compuserve,* 89 F.3d at 1267 (6th Cir. 1996) ("If a defendant's contacts with the forum state are related to the operative facts of the controversy, then an action will be deemed to have arisen from those contacts."). In

9

addition, the Sixth Circuit has "characterized this standard as a 'lenient standard' and ha[s] explained that the cause of action need not 'formally' arise from defendant's contacts." *Id.* (citing *Bird v. Parsons*, 289 F.3d 865, 875 (6th Cir. 2002)).

Despite the lenient standard imposed by the Sixth Circuit, Plaintiff has failed to establish by affidavit, or even allege in his complaint, any facts that would tend to show that Plaintiff's cause of action arose out of Defendants' contacts with Michigan. As stated above, Plaintiff has not alleged any contacts with Michigan outside of Plaintiff's need for maintenance and cure (medical treatment) in Michigan. Plaintiff's injury, which occurred off of the coast of California, in no way resulted from Defendants' ties to Michigan, even if Plaintiff is seeking maintenance and cure while residing in Michigan. As such, Plaintiff has not met the second prong of the due process analysis for personal jurisdiction.

### 3. The Reasonableness Requirement:

The third prong of the Due Process test is whether the exercise of jurisdiction is reasonable. In determining whether the exercise of jurisdiction is reasonable, the court should consider the following factors: 1) the burden on the defendant; 2) the interest of the forum state; 3) the plaintiff's interest in obtaining relief; and 4) other states' interests in securing the most efficient resolution of the controversy. *Air Prods. and Controls, Inc.*, 503 F.3d at 554.

Even if the Court finds that these four weigh in favor of exercising personal jurisdiction over Defendants, Plaintiff has not established prong one or two of the due process analysis, and therefore exercising personal jurisdiction over Defendants would not comport with due process. Accordingly, the Court finds that Plaintiff's complaint should be dismissed for lack of personal jurisdiction.

III.     Defendants' Motion To Transfer Venue, Motion To Dismiss For Improper Service, And Motion For Summary Judgment Are Moot:

In addition to their motion to dismiss for lack of personal jurisdiction, Defendants also bring a motion to transfer venue and a motion to dismiss for improper service. Because the Court lacks personal jurisdiction over Defendants, the Court need not address the merits of these claims.

Additionally, Defendants contend that Plaintiff's claims should be dismissed as to Holding and Bulk because liability under the Jones Act requires an employer/employee relationship, and neither Holding and Bulk employed Plaintiff at the time of the accident. Defendants also contend that Plaintiff's claims should be dismissed as to Management because liability under the Jones Act requires the employer to be a ship owner. The Court has construed the requests to dismiss based upon these claims as Defendants' motion for summary judgment. As stated above, the Court lacks personal jurisdiction over Defendants, and therefore it is unnecessary to determine the merits of these claims. It should be noted, however, that Plaintiff, in response to Defendants' motion for summary judgment, did not provide any evidence or authority to refute Defendants' claims.

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED that Defendants' motion is GRANTED IN PART and DENIED AS MOOT IN PART. Defendants' motion is granted to the extent that Defendants' request dismissal of Plaintiff's complaint for lack of personal jurisdiction. Defendant's motion is denied as moot as to all other requests for dismissal.

11

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED because this Court lacks personal jurisdiction over Defendants.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Court

Dated: November 15, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 15, 2011, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager